IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 07 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

LEON J. WINSTON, #1011529,
   Plaintiff,

v.

EARL BARKSDALE, R. MATHENA,
JAMES PARKS, HENRY PONTON,
DWAYNE Turner and STACY DAY.
Sued in their individually
Capacities.
   Defendant(s)

COMPLAINT
Civil Action No. 715CV00422

## I. JURISDICTION + VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seek deloratery relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff claims for injunctive relief are authorized by 28 U.S.C. Section 2283 + 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The western District of Virginia is an appropriate venue under 28

U.S.C. Section 1391 (b)(2), because it is where the events giving rise to this claim occurred.

## II   PLAINTIFF

3.   Plaintiff Leon J. Winsten, is and was at all times mentioned herein a prisoner of the State of Virginia in custody of the Virginia Department of Corrections – ("VDOC"). Plaintiff is currently confined at Red Onion State Prison – ("ROSP"), in Wise County, Virginia.

## III   DEFENDANTS

4.   Defendant E. Barksdale, is the Warden of ROSP and is responsible for the operation of ROSP and for the welfare of all the inmates of that prison. He is sued individually.

5.   Defendant R. Mathena, is the former-Warden who was also responsible for the operation of ROSP and for the welfare of all inmates of that prison. He is sued individually.

6.   Defendant J. Parks, is the Manager for classification and Records who is responsible for the classification and Records of all inmates at that prison. He is sued individually.

7.   Defendant H. Ponton, is the Western Regional Administrator who responsible for reviewing all administrative Appeals of Disciplinary charges filed by ROSP inmates. He is sued individually.

8. Defendant D. Turner, is the Unit manager for C-Building of ROSP and he is in charge of all activities in that building at that Prison. He is sued individually.

9. Defendant Day, is the Captain for ROSP and who was in charge of Administrative Review and Status of all inmates at that Prison. He is sued individually.

10. Each Defendant is sued in their individually Capacity at all times mentioned in this complaint each Defendant acted under the color of State law.

## FACTS

11. Plaintiff states, on 12-5-13, he received a charge offense title "Possession of a weapon or sharpened instrument, offense code 102.

12. On 12-6-13, plaintiff accept the penalty offer for Loss of Good time 30 days and 25 days in segregation.

13. Plaintiff states, he was place in Special Management - "(SM), Security Level 5., to program in step down from Level S into general population.

14. Plaintiff states, he continued participation in the step Down program with a positive institution no infractions behavior which he received status (SM2), the next step is to be assigned to general population.

15. Plaintiff states, Defendants changed his status to Intensive —

Management-(IM), Security level S., instead of step down he was stepping up on the program when he successfully completed the step Down program and received his certificate of completion in January 2014, and plaintiff has remained charge-free and was and is anxious to achieve a security level reduction.

16. Plaintiff states, a ICA hearing for 90 day appropriate housing was conducted on 8/18/2015, and Defendant Day, recommended plaintiff will remain an "(IM2) status pending program "Completion".

17. Plaintiff states, a ICA hearing for 90 day Review was conducted on 4-28-15, Defendant Turner, recommended status "Change" to (IM) status., date Approve 06/1/2015,

18. Plaintiff Appeal this decision to Defendant Barksdale, who states plaintiff status is correct yet he is not progressing after completion of program and receiving the certificate who continued to be charge-free.

19. Plaintiff argue that between Defendant Day who recommend plaintiff remain in (IM) and Defendant Turner, who recommend "Change" to (IM), the plaintiff is and already was in (IM)2 status so how can he be change to a status that he's already has?

20. Plaintiff states, there was no ICA hearing to place him in Segregation from the beginning no notification, no due process just place him in (SM) and (IM) status without a hearing.

4.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

21. The plaintiff has exhausted administrative remedies with respect to all claims.

## CLAIMS FOR RELIEF

22. The actions of defendants, Barksdale, Mathena, Parks, Ponton, Turner, and Day imposes an Atypical and significant Hardship on plaintiff's Condition of Confinement and has a Liberty interest to be allow to step-down in violation of due process under the Fourteenth Amendment to the United States Constitution.

23. The failure of defendants Barksdale, Mathena, in not providing a ICA hearing to determine the status of plaintiff confinement, denied the plaintiff to be present, and denied the plaintiff due process of law in violation of the Fourteenth Amendment to the United States Constitution.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this court enter judgment granting plaintiff:

24. A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States.

25. A preliminary and permanent injunction ordering defendants Barksdale, and Mathena to allow the plaintiff to step-down who has completed the program, charge free and continue to remain in the same status for over twenty- (20) months.

26. Compensatory damages in the amount of $3,500 against each defendant, jointly and severally.

27. Punitive damages in the amount of $5,000 against each defendant.

28. A jury trial on all issues triable by jury

29. Plaintiff's cost in this suit

30. Any additional relief this court deems just, proper and equitable.

Dated: 8-4-2015

Respectfully submitted,
*Leon J. Winston
Leon J. Winston
Red Onion State Prison
P.O. Box 1900
Pound, Virginia 24279

6.

## VERIFICATION

I have read the foregoing Complaint and hereby verify that the matters alleged therein are true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Pound, Virginia on 4th day of August, 2015.

Signature *Leon J. Winston*

print name Leon J. Winston

7.